PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALAN SINGLETON, | ) | |
| | ) | CASE NO. 1:19CV249 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NEIL TURNER, in his official capacity as Warden, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |
| | ) | [Resolving ECF Nos. 29, 31, 32, 35] |

Pending before the Court is Petitioner Alan Singleton's Objection to Magistrate Judge Darrell A. Clay's ("Magistrate Judge Clay") Report and Recommendation. ECF No. 35.[1] The case was referred to Magistrate Judge Clay for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2. Magistrate Judge Clay recommended that the Court deny the petition because it was untimely. ECF No. 34. Also, Magistrate Judge Clay recommended that Petitioner's pending motions to supplement the record (ECF Nos. 29, 31, 32) be denied as moot.

For the following reasons, Petitioner's objections are overruled, the Report and Recommendation is adopted, the petition is dismissed, and Petitioner's pending motions to supplement the record are denied as moot.

---

[1] Petitioner filed a duplicative copy of his objections to Magistrate Judge Clay's Report and Recommendation. ECF No. 36.

(1:19CV249)

# I. Background

In March 2015, Petitioner was charged with multiple sexual violence-related offenses in Cuyahoga County Common Pleas Court.[2] In April 2015, Petitioner pled not guilty to each charge. After waiving his right to a jury trial, the state trial court found Petitioner guilty of gross sexual imposition and kidnapping in July 2015. In August 2015, Petitioner filed a Motion for Judgment of Acquittal that was denied 8 days later. Petitioner was sentenced to life in prison with the possibility of parole, after fifteen years.

In September 2015, with the assistance of newly appointed appellate counsel, Petitioner appealed the conviction and sentence, arguing that (1) the trial court erred by determining that the child witness was incompetent but still allowing the child's statement into evidence, (2) the trial court erred by admitting incriminating statements and impermissible hearsay statements, (3) trial counsel was ineffective because they failed to (i) effectively cross examine the state's expert witness, and (ii) pursue the defense that the child victim's injuries were self-inflicted, (4) due process was denied because the prosecution asserted incorrect sentencing alternatives, and (5) all the convictions are against the manifest weight of the evidence. The state appellate court affirmed the convictions and the sentence in June 2016.

In September 2017, through his appellate counsel, Petitioner filed a Motion for Leave to File a Motion for New Trial. Petitioner claimed that he was entitled to a new trial because the prosecution's main witness lied under oath and suffered from an untreated mental illness. The state trial court denied Petitioner's motion, finding that Petitioner's motion was not filed timely, and failed to meet the clear and convincing evidentiary standard.

---

[2] *The State of Ohio v. Alan Singleton*, Case No. CR-15-593884-A.

2

(1:19CV249)

In June 2018, Petitioner moved the state trial court for an order requiring the prosecuting attorney to turn over exculpatory evidence. The court, interpreting the motion as post-conviction relief, denied the request. That same month, Petitioner appealed both the trial court's denial of the motion and a Motion for Delayed Appeal with the Ohio Supreme Court. As a basis for the delayed appeal, Petitioner asserted legal claims of (1) ineffective assistance of counsel, and (2) perjury. The Ohio Supreme Court denied his motion for delayed appeal in August 2018. Two days after the Ohio Supreme Court's denial, Petitioner filed another Motion for Post-Conviction Relief, which the state trial court denied as untimely.

Petitioner filed the instant habeas petition on February 1, 2019 (ECF No. 1-3) setting forth twelve grounds for relief under 28 U.S.C. § 2254:

1. "The evidence presented at trial was insufficient to prove petitioner's guilt beyond a reasonable doubt. The SANE nurse repeatedly expressed doubt in her own statements." ECF No. 1-3 at PageID #: 23 – 27. (emphasis in original).

2. "Petitioner was denied his right to effective assistance of counsel as guaranteed by the 6th Amendment. Counsel failed to expose the SANE nurse's doubts." ECF No. 1-3 at PageID #: 27 – 29. (emphasis in original).

3. "The SANE nurse's testimony was not expressed as a probability and was therefore inadmissible." ECF No. 1-3 at PageID #: 29 – 30. (emphasis in original)

4. "The victim's statements did not meet the requirements to be hearsay exceptions (Ohio R. Evid. 807)." ECF No. 1-3 at PageID #: 31 – 34.

5. "Petitioner was denied his right to effective assistance of counsel as guaranteed by the 6th Amendment. Counsel did not cross-examine the child during the competency hearing." ECF No. 1-3 at PageID #: 34.

6. "Petitioner was denied his right to effective assistance of counsel as guaranteed by the 6th Amendment. The victim's mother's testimony was inconsistent with the police reports." ECF No. 1-3 at PageID #: 35 – 37.

7. "Petitioner was denied his right to effective assistance of counsel as guaranteed by the 6th Amendment. Counsel failed to question police officer about relationship with victim's mother." ECF No. 1-3 at PageID #: 37 – 38.

(1:19CV249)

8. "The social worker's entire testimony was heresay [sic]. He should not have been allowed to testify at all. Petitioner was denied his right to confront witnesses and was denied a fair trial." ECF No. 1-3 at PageID #: 39 – 41.

9. "Petitioner was denied his right to effective assistance of counsel. Counsel did not obtain a medical expert to identify the victim's white discharge." ECF No. 1-3 at PageID #: 41 – 43.

10. "Petitioner received ineffective assistance of counsel. Counsel should have impeached the social worker about "tapping" on the victim's leg." ECF No. 1-3 at PageID #: 44 – 45.

11. "New evidence obtained after trial reveals that the State's main witness, the victim's mother, was incompetent to testify." ECF No. 1-3 at PageID #: 46.

12. "Judge should not have looked at case law when determining petitioner's guilt or innocence." ECF No. 1-3 at PageID #: 46 – 48.

Having found that Petitioner's habeas petition was filed one and a half years after the cutoff, and that Petitioner did not demonstrate entitlement to statutory equitable tolling, Magistrate Judge Clay recommended that it be dismissed as time-barred. ECF No. 34 at PageID #: 873. Relatedly, because the petition was time-barred, Magistrate Judge Clay recommended that Petitioner's pending motions to supplement the record (ECF Nos. 29, 31, 32) be denied as moot. ECF No. 34 at PageID #: 873 – 74. Magistrate Judge Clay further recommended that Petitioner not be granted a certificate of appealability. ECF No. 34 at PageID #: 874.

## II. Standard of Review for a Magistrate Judge's Report and Recommendation

When objections have been made to the Magistrate Judge's Report and Recommendation, the District Court standard of review is de novo. Fed. R. Civ. 72(b)(3). A district judge: "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id*. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

(1:19CV249)

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2); *see also* Harris v. Stovall, 212 F.3d 940, 942 (6th Cir. 2000).

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see* Smith v. Sowders, 848 F.2d 735, 738 (6th Cir. 1988). Because state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters. *See* Estelle v. McGuire, 502 U.S. 62, 63 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *see also* Cristini v. McKee, 526 F.3d 888, 897 (6th Cir. 2008) ("[A] violation of state law is not cognizable in federal habeas [] unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution.")

### III. Discussion

Petitioner raises two objections to Magistrate Judge Clay's Report and Recommendation. In the first objection, Petitioner claims that Magistrate Judge Clay "did not fairly consider all the evidence in recommending that [the] petition be dismissed, violating the standards set by the U.S. Supreme Court." ECF No. 35 at PageID #: 876. Petitioner cites the record, specifically

5

(1:19CV249)

challenging the credibility of the testimony of a nurse at trial.  Petitioner avers that the nurse was not certain beyond a reasonable doubt and, therefore, no reasonable juror could have found the Petitioner guilty.  ECF No. 35 at PageID #: 876 – 879.  In the second objection, Petitioner states that "trial counsel was ineffective in violation of the Sixth Amendment, constituting both cause and prejudice."  ECF No. 35 at PageID #: 879.  As support, Petitioner claims trial counsel was ineffective because (1) they did not challenge the testimony of Nurse Bogard, and (2) no medical expert was called.  Id. at PageID #: 879 – 881.

   Petitioner is unable to meet the requisite standard for habeas relief.  The grounds offered by Petitioner are merely a restatement of Grounds One, Two, Three, and Nine raised in the initial petition.  Objections to a magistrate judge's Report and Recommendation are not opportunities to reassert arguments already raised in the original habeas petition.  *Roberts v. Warden, Toledo Corr. Inst.*, No. 1:08-CV-00113, 2010 WL 2794246, at *7 (S.D. Ohio July 14, 2010) ("The Court is under no obligation to review de novo objections that are merely perfunctory or an attempt to have the Court reexamine the same arguments set forth in the original petition"); *Speed v. Fender*, No. 1:18-CV-1296, 2021 WL 4437056, at *8 (N.D. Ohio Sept. 28, 2021) (stating that petitioner's "restatement of the arguments in his petition is not a proper objection" under § 2254); *Warmus v. Larose*, No. 14 CV 1925, 2017 WL 392969, at *9 (N.D. Ohio Jan. 30, 2017) (overruling petitioner's objection because it "merely restates the arguments" in the original petition.).  Because Petitioner's objections were already raised in his original petition, and addressed in Magistrate Judge Clay's Report and Recommendation, both objections are overruled.

6

(1:19CV249)

## IV. Conclusion

Petitioner's Objections (ECF No. 35) are overruled and the Report and Recommendation (ECF No. 34) is adopted. Alan Singleton's Petition for a Writ of Habeas Corpus (ECF No. 1) is dismissed. Petitioner's pending motions to supplement the record (ECF Nos. 29, 31, 32) are denied as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

December 21, 2021  /s/ Benita Y. Pearson
Date  Benita Y. Pearson
 United States District Judge

7